UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
AT COVINGTON

Eastern District of Kentucky
FILED
SEP 19 2005
AT COVINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

CIVIL ACTION NO. 2005-5

GREGORY THOMAS

PLAINTIFF

VS.

OPINION AND ORDER

JO ANNE BARNHART
COMMISSIONER OF SOCIAL SECURITY                    DEFENDANT

This matter is before the court on the motion for summary judgment of the claimant (Doc. 12) and the cross-motion for summary judgment of the defendant (Doc. 14).

In reviewing the decision of the ALJ in Social Security cases, the only issue before the court is whether the decision is supported by substantial evidence. Richardson v. Perales, 402 U.S. 389, 390 (1971). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. Even if the evidence could also support another conclusion, the decision of the ALJ must stand if the evidence could reasonably support the conclusion reached." Alexander v. Apfel, 00-5710, 2001 WL 966284 (6th Cir. 2001)(unreported)(citing Buxton v. Halter, 246 F.3d 762, 772-73 (6th Cir. Aug. 16, 2001)).

In order to qualify for disability benefits, a claimant must establish that he is disabled within the meaning of the Social Security Act. 42 U.S.C. § 423(a)(1)(D). The Act defines

1

"disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(2)(A).

The Social Security Act requires the Commissioner to follow a five-step process when making a determination on a claim of disability. Heston v. Commissioner of Social Security, 245 F.3d 528 (6th Cir. 2001). First, the claimant must demonstrate that he is not currently engaged in "substantial gainful activity." Heston, 245 F.3d at 534 (citing Abbott v. Sullivan, 905 F.2d 918, 923 (6th Cir. 1990)( citing 20 C.F.R. 404.1520(b)). Second, if the claimant is not engaged in substantial gainful activity, he must demonstrate he suffers from a severe impairment. Id. "A 'severe impairment' is one which 'significantly limits . . . physical or mental ability to do basic work activities.'" Id. (citing 20 C.F.R. §§404.1520(c) and 416.920(c)). Third, if claimant is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets or equals a listed impairment at 20 C.F.R. part 404, subpart P, appendix 1, then plaintiff is presumed disabled regardless of age, education or work experience. Id. (citing 20 C.F.R. §§404.1520(d) and 416.920(d)(2000)). Fourth, claimant is not disabled if his impairment(s) does not prevent him from doing his past relevant work. Id. Lastly, even if the claimant cannot perform his past

2

relevant work, he is not disabled if he can perform other work which exists in the national economy. Id. (citing Abbott, 905 F.2d at 923).

The claimant has the burden of establishing he is disabled, but the Commissioner bears the burden of establishing that the claimant can perform other work existing in the national economy.

At the time of the hearing, claimant was forty-four years old and has a tenth grade education. Claimant has past relevant work as a set up operator, welder-fabricator, spray painter, tow motor operator and tractor/trailer technician. In September 1999, claimant stopped working as a trailer technician because of severe back and neck pain.

X-rays and MRIs of claimant's cervical spine show he suffers from degenerative disc disease from C5 through C7, with pronounced narrowing of the C6-7 disc space. Lumbar x-rays showed degenerative disc disease with moderate to marked disc space narrowing at L5-S1 and mild disc space narrowing at L1-2. (Transcript pp. 400-01). The doctor noted that the changes to claimant's lumbar spine have progressed since his previous films were taken. (Transcript p. 400). Claimant also complains of depression, headaches, numbness in his legs and feet and overall problems associated with severe pain.

At the hearing, the ALJ sought testimony from the claimant and a vocational expert. Upon hearing the testimony and reviewing the record, the ALJ performed the requisite 5 step evaluation for determining disability.

In the case at bar, the ALJ determined at step one, that claimant had not been engaged in substantial gainful activity since the alleged onset of disability. At step 2, the ALJ determined that the claimant has degenerative disc disease of the lumbar and cervical spine and depression, impairments that are severe. At step 3, the ALJ determined that, although claimant has impairments that are "severe," he does not have an impairment or combination thereof that is listed in or equal to one listed at 20 C.F.R. part 404, subpart P, appendix 1. At step 4, the ALJ found the claimant is unable to perform his past relevant work. At step 5, the ALJ found that the claimant has a residual functional capacity for a modified range of sedentary work. The vocational expert opined that given claimant's age, education, work history and the limitations assigned by the ALJ, that a significant number of jobs existed in the national economy that the claimant could perform: assembler and hand packer. Based on this testimony, the ALJ found the claimant not disabled.

The claimant argues that the ALJ erred in discounting the reports of his treating doctors: Dr. Haj-Hamed, Dr. Simons and Dr. Gallus and, instead, crediting the report of a consulting physician, Dr. Lohman. The Commissioner argues that because the ALJ found the claimant was not credible, his objective complaints of pain to his treating physicians renders their opinions of lesser weight.

The regulations provide that a treating physician's opinion will not be given controlling weight unless it is "well-supported

4

by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. §404.1527(d)(2). If an ALJ does not find a treating source's opinion to be entirely credible, the ALJ may reject it, provided that good reasons are specified. Bogle v. Sullivan, 998 F.2d 342, 347-49 (6th Cir. 1993). Here, the ALJ stated:

> Ghassan Haj-Hamad, MD, a former treating physician, suggests that the claimant is permanently disabled due to multiple disc disease (Exhibit 10F). Such opinion is unsupported by any explanation or treatment records. Moreover, the claimant reported that he has not seen Dr. Haj-Hamad since 1998 or 1999, prior to his alleged onset date. Dr. Gallus gave the claimant a residual functional capacity for a limited range of sedentary work. He opined that the claimant could lift and carry 2 pounds frequently and 5 pounds occasionally. He could stand and walk 20 minutes without interruption for 2 hours a workday. He could sit 20 minutes without interruption for 2 hours a workday. He could occasionally stoop and kneel, but should not climb, crouch, or crawl. He should avoid reaching , handling, pushing, pulling, and working around moving machinery, temperature extremes, and vibration (Exhibit 11F). Dr. Gallus' opinion is unsupported by positive signs and findings or by his own treatment records (Exhibit 11F).
>
> In August 2003, Dr. Simons provided a residual functional capacity for a limited range of sedentary work. He indicated that the claimant could lift and carry less than 10 pounds frequently and occasionally. He could stand and walk less than one hour without interruption for less than 2 hours a workday and could sit less than one hour without interruption for less than 2 hours a workday. He should perform no posturals and should avoid pushing, pulling, unprotected heights, moving machinery, and vibration (Exhibit 12F). Dr. Simons' opinion similarly deserves little weight. Dr. Simons' treatment records show little in the way of positive signs and findings, other than diminished range of motion and an antalgic gait, after the claimant began treatment with epidurals and injections (Exhibit 13F).

The court's review of the record, however, reveals that Dr. Simons' treatment notes demonstrate that the claimant continued to have significant pain even after his epidurals and nerve

5

blocks. (Transcript pp. 347-371). In 2003, (exact date of record was cutoff in copying process), Dr. Simons referred the claimant back to his family doctor with the recommendation that claimant go for a nurosurgical evaluation because they were not making great strides with pain management. (Transcript p. 347). Prior to that appointment, claimant returned to Dr. Simons for additional pain medication. Dr. Simons noted that claimant had a lot of stiffness in his neck, very limited range of motion of the neck, he was unable to turn his neck at all from left to right, and he had tenderness in the facet joints in the cervical and LS area. (Transcript p. 347).

Further evidence that the epidurals were not successful is found in claimant's hospital records. On January 31, 2003, approximately one month after claimant's last epidural injection, claimant presented himself to the emergency room with complaints of "very severe low back pain that he feels bilaterally. It radiates to his legs in a numbing fashion." He also complained that his pain medication was not providing him with good relief and he had experienced chest pain. (Transcript pp. 372-380).

Similarly, Dr. Gallus' treatment notes also repeatedly note claimant's complaints of severe back and neck pain. (Transcript pp. 312-321). Dr. Gallus referred the claimant to Dr. Simons, a pain specialist, because of claimant's severe pain. Thus, the ALJ's finding that the treating physicians' opinions were unsupported by positive signs and findings or by their own treatment records is unsubstantiated and in fact, is refuted by

6

claimants x-rays and MRI's, hospital notes, and both Dr. Gallus' and Dr. Simons' treatment notes.

If the opinion of a treating source is not accorded controlling weight, an ALJ must apply certain factors--namely, the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and the specialization of the treating source--in determining what weight to give the opinion. 20 C.F.R. § 404.1527(d)(2); Wilson v. Commissioner of Social Security, 378 F.3d 541, 544 (6th Cir. 2004). The court finds the ALJ did not apply these factors or articulate good reasons for discrediting Dr. Gallus' and Dr. Simons' residual functional capacity assessments. Accordingly, the matter must be remanded.[1] See Wilson, 378 F.3d at 544.

The court is further concerned with the ALJ's failure to properly assess claimant's complaints of pain. Even if claimant's complaints were not found fully credible, his continued and consistent attempts to obtain relief from his pain is evidence that he is experiencing severe pain. The commissioner argues that because the claimant mentioned that after an epidural he obtained enough relief that he was able to

---

[1]Furthermore, the court finds that consulting physician Dr. Lohman's residual functional capacity assessment was performed in October 2001 and he did not have the benefit of claimant's most recent diagnostic reports, which show progression of claimant's disease. Upon remand, the Commissioner should order an updated consultation.

7

go hunting, that he is no longer in debilitating distress. The record is replete, however, with documentation after this notation of continued complaints of pain and physical findings of a severe decrease in range of motion. Further, none of the doctors who have examined the claimant, including Dr. Lohman, expressed any doubts about his symptoms or thought he was exaggerating his complaints of pain.

Pain alone, if the result of a medical impairment, may be severe enough to constitute disability. Kirk v. Secretary of H.H.S., 667 F.2d 524, 538 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983). In order to find plaintiff disabled on the basis of pain alone, the Commissioner must first determine whether there is objective medical evidence of an underlying medical condition. If there is, the Commissioner must then determine: (1) whether the objective medical evidence confirms the severity of pain alleged by plaintiff; or (2) whether the underlying medical impairment is severe enough that it can reasonably be expected to produce the allegedly disabling pain. Duncan v. Secretary of H.H.S., 801 F.2d 847, 852-53 (6th Cir. 1986). See also Felisky v. Bowen, 35 F.3d 1027, 1038-39 (6th Cir. 1994); Jones v. Secretary of H.H.S., 945 F.2d 1365, 1369 (6th Cir. 1991). This test, however, "does not require . . . 'objective evidence of the pain itself.'" Duncan, 801 F.2d at 853. Where a complaint of pain is not fully supported by objective medical findings, the Commissioner should consider the frequency and duration of pain, as well as other precipitating factors including the effect of

8

the pain upon plaintiff's activities, the effect of plaintiff's medications and other treatments for pain, and the recorded observations of pain by plaintiff's physicians. Felisky, 35 F.3d at 1039-40.

Where the medical evidence is consistent, and supports plaintiff's complaints of the existence and severity of pain, the ALJ may not discredit plaintiff's testimony and deny benefits. King v. Heckler, 742 F.2d 968, 975 (6th Cir. 1984). In either event, the ALJ must articulate, on the record, his evaluation of the evidence and how it relates to the factors listed above. Felisky, 35 F.3d at 1039-41.

Here, the record contains numerous doctor and hospital notes regarding claimant's complaints of severe back and neck pain. X-rays illustrate claimant suffers from degenerative disc disease of both the cervical and lumbar spine with moderate to marked narrowing at L5-S1, mild narrowing at L1-2, moderate disc space narrowing at C5-6, moderate to marked narrowing posteriorly at C6-7, bilateral narrowing at C6-7 with minimal narrowing bilaterally at C5-6, (Transcript pp. 400-02). The ALJ did not perform the required pain analysis outlined in 20 C.F.R. § 404.1529. See Felisky, 35 F.3d at 1039-41. Thus, upon remand the ALJ should conduct an analysis on whether claimant's pain is of such a degree to be disabling and specifically set forth his analysis in his decision.

As explained above, the court finds that the ALJ failed to articulate good reasons for discounting the opinions of the

9

treating physicians and, therefore, the commissioner's decision is not supported by substantial evidence.

Once a court determines that substantial evidence does not support the Commissioner's decision, it can reverse the decision and award benefits only if all essential factual issues have been resolved and the record establishes a claimant is entitled to benefits. <u>Faucher v. Secretary of Health and Human Services</u>, 17 F.3d 171, 176 (6th Cir. 1994). Where, as here, the factual issues have not been resolved, the court shall remand the case for further consideration. <u>Id</u>.

Therefore, the court being advised,

**IT IS ORDERED** that the motion for summary judgment of the claimant (Doc. 12) be, and it hereby is, **granted in part** as to plaintiff's request for a reversal of the Commissioner's decision, and **denied in part** as to his request for a court ordered award of benefits, and that the cross-motion for summary judgment of the defendant (Doc. 14) be, and it hereby is, **denied**.

**IT IS FURTHER ORDERED** that this action be, and it is, hereby **remanded** to the Commissioner for further proceedings under sentence four of 42 U.S.C. § 405(g).

This 19th day of September, 2005.

_____
**WILLIAM O. BERTELSMAN, JUDGE**